Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA  92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorneys for Applicants*
*Sakura Miyawaki, et al.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of | ) CASE NO. 5:24-mc-80132 |
| | ) |
| Sakura Miyawaki, Chae-won Kim, | ) ***APPLICANTS' EX PARTE*** |
| Jennifer Yunjin Huh, Kazuha Nakamura, | ) **APPLICATION FOR AN ORDER** |
| and Eun-chae Hong, | ) **PURSUANT TO 28 U.S.C. § 1782** |
| | ) **AUTHORIZING DISCOVERY FOR** |
| Applicants. | ) **USE IN A FOREIGN** |
| | ) **PROCEEDING; AND** |
| | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES** |
| | ) |

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. Section 1782, Applicants Sakura Miyawaki, Chae-won Kim, Jennifer Yunjin Huh, Kazuha Nakamura, and Eun-chae Hong ("**Applicants**") hereby move *ex parte* for an order authorizing limited discovery for use in a criminal matter in the Republic of Korea ("**Application**"). As further stated in the proposed subpoena, the Applicants seek limited discovery from Google LLC ("**Google**"), which is an entity located in this district.

US district courts, including this district, have commonly decided Section 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery

1

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.,* 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (citation omitted); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (In discussing Section 1782, the court noted that "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte"); Frischknecht and Lindsey, *Evidence gathering in aid of foreign proceedings in the US and England,* International Bar Association*,* August 4, 2021 at https://www.ibanet.org/evidence-gathered-foreign-proceedings-US-England (last visited May 31, 2024). For the reasons set forth herein, the Applicants respectfully request this Court decide the Application on an *ex parte* basis.

This Section 1782 request is supported by the accompanying memorandum of points and authorities, proposed subpoena, Exhibits and the Declarations of Mun Hui Kim[1] and Mi Gyeong Koo,[2] all of which are filed concurrently herewith.

Dated: May 31, 2024                     STREAM KIM HICKS WRAGE & ALFARO, PC.


                                        /s/ Eugene Kim
                                        Eugene Kim

                                        *Attorneys for Applicants*
                                        *Sakura Miyawaki, et al.*

---

[1] I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

[2] I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/s/) within this e-filed document.

2

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

The Applicants are members of a female K-pop group named LE SSERAFIM, who have come under attack by anonymous individuals (collectively, the "**YouTubers**") posting false, defamatory and harassing short-form videos on YouTube. To address these attacks on YouTube, the Applicants have brought a criminal complaint with the law enforcement authorities in the Republic of Korea ("**Korea**"). Unfortunately, without the YouTubers' personally identifiable information ("**PII**") the criminal case cannot be fully prosecuted.

To date, the Applicants' attempts to locate the real identities of these anonymous persons through publicly available information have been unsuccessful. Koo Decl. ¶ 9. As a result, the Applicants now needs the assistance of this Court.

As set forth below, the Applicants satisfy all the statutory requirements under Section 1782, and the discretionary factors weigh in favor of the Court exercising its discretion to grant this Application. Moreover, this Application does not prevent Google from objecting or moving to quash the targeted requests made in the proposed subpoena, which is attached as **Exhibit A**.

### II.      FACTUAL BACKGROUND

### A.  Criminal Matter in the Republic of Korea

SOURCE MUSIC Co., Ltd. ("**SOURCE MUSIC**"), is a Korean entertainment company and music label established in 2009 under the laws of Korea and its principal place of business is in Korea. Koo Decl. ¶ 3. SOURCE MUSIC is a private company engaged in the entertainment business with a focus on managing LE SSERAFIM, a female K-pop group that it formed in 2022. *Id*. at ¶ 4. The group consists of five members: Sakura Miyawaki, Chae-won Kim, Jennifer Yunjin Huh, Kazuha Nakamura, and Eun-chae Hong (the "**Applicants**"). *Id*.

An unidentified person using the YouTube handle "@issuefeed" ("**First YouTuber**") published around fifteen (15) short-form videos ("**Shorts**")[3] about the Applicants between

---

[3] Short-form videos typically lasting up to 60 seconds. See https://www.youtube.com/intl/en_id/creators/shorts/.

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

March 5, 2024 and May 28, 2024[4] on his or her YouTube channel titled "Issue Feed" (English translation of the Korean original: "이슈피드"). *Id.* ¶ 5, Ex. 1. The YouTube channel is active as of May 29, 2024[5] and has approximately 327,000 subscribers.

The First YouTuber's Shorts contain false, defamatory and/or harassing statements about the Applicants. *Id.* ¶ 6. These include but are not limited to the following:

1.  YouTube Short titled "LE SSERAFIM SMART reference plagiarism controversy that even foreigners are sensing" (English translation) dated March 5, 2024:[6] States that the Applicants' song titled 'SMART' copied Doja Cat's 'Woman' and Tyla's 'Water' in terms of the lyrics, melody, beat, and choreography. It quotes comments from other anonymous individuals including "le sserafim just doesn't have a musical identity…," "This is just a watered down version of water by tyla and woman by doja cat lmaoo, 'keep kpop korean' they said'," "smart by le sserafim literally reminds me of water by tyla and clam down by rema and selena AND woman by doja." This Short received approximately 2,150,000 views, 39,000 'likes' and 2,500 comments as of May 29, 2024. *Id.* ¶ 6(a).

2.  YouTube Short titled "Shocking reaction of foreigners after watching LE SSERAFIM's Coachella stage" (English translation) dated April 22, 2024:[7] States that the Applicants' "Coachella stage was a mess" (English translation), "foreigner was shocked at the silent live music" (English translation), and "the more difficult part was the second Coachella stage / they just went on stage with AR just like Korean music shows / they totally gave up doing live music and just did the choreography" (English translation). It also quotes comments from other anonymous individuals including "I saw a comment saying that people in karaoke sing better than them," "Those improved parts are 'talk singing', not really singing," and "When they cant [*sic*] sing the part, they just scream." This Short

---

[4] All date and time references are based on Korea Standard Time (KST).
[5] https://www.youtube.com/@issuefeed.
[6] https://www.youtube.com/watch?v=7P54w8pJKjI; see Koo Decl. ¶ 6(a) for the Korean original text at issue.
[7] https://www.youtube.com/watch?v=yKeLhE2yriU; see Koo Decl. ¶ 6(b) for the Korean original text at issue.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

received approximately 243,000 views, 7,400 'likes' and 430 comments as of May 29, 2024. *Id.* ¶ 6(b).

3.  YouTube Short titled "Creepy meaning behind LE SSERAFIM's music video that now gives you goose bumps" (English translation) dated April 30, 2024:[8] Implies that the Applicants are associated with a religious cult by stating "LE SSERAFIM's debut concept: fallen angel / thought it was going for a rebellious concept involving rule breaking… / through recent incident, past music videos attracted attention / creepy symbols came to light one after another… / 1. Symbols about angels / Kazuha's wing on fire / She rips it off with her own hand… / Not the previous angel (Christianity) / but made into their own angel" (English translation). This Short received approximately 2,130,000 views, 53,000 'likes' and 2,600 comments as of May 29, 2024. *Id.* ¶ 6(c).

A different unidentified person using the YouTube handle "@shortchajang" ("**Second YouTuber**") published around sixteen (16) Shorts about the Applicants between April 6, 2024 and May 28, 2024 on his or her YouTube channel titled "Short Chajang" (English translation of the Korean original: "숏차장"). *Id.* ¶ 7; Ex. 2. The YouTube channel is active as of May 29, 2024[9] and has approximately 193,000 subscribers.

The Second YouTuber's Shorts also contain false, defamatory and/or harassing statements about the Applicants. *Id.* ¶ 8. These include but are not limited to the following:

1.  YouTube Short titled "What is the truth behind Chae-won Kim's body shape that changed?" (English translation) dated April 21, 2024:[10] Focuses on certain parts of LE SSERAFIM Chae-won Kim's body and alleges she received plastic surgery. This Short received approximately 1,750,000 views, 32,000 'likes' and 850 comments as of May 29, 2024. *Id.* ¶ 8(a).

2.  YouTube Short titled "Sound even after taking off the microphone..? Bigger controversy with LE SSERAFIM′s second Coachella" (English translation) dated

---

[8] https://www.youtube.com/watch?v=G7923f3HErU; see Koo Decl. ¶ 6(c) for the Korean original text at issue.
[9] https://www.youtube.com/@shortchajang.
[10] https://www.youtube.com/watch?v=ya88sVRAY94; see Koo Decl. ¶ 8(a) for the Korean original text at issue.

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

April 22, 2024:[11] States "LE SSERAFIM's second Coachella stage is controversial / the current state is that there are people that say they improved and also other people that say they used too much AR / Because of the AR, even with the microphone removed apparently there was still transmission of voice" (English translation) and implies they were just lip syncing. This Short received approximately 124,000 views, 1,900 'likes' and 120 comments as of May 29, 2024. *Id.* ¶ 8(b).

3.  YouTube Short titled "LE SSERAFIM looking so anxious these days.." (English translation) dated May 4, 2024:[12] States "Controversy with a member involved with school violence and also provocative choreography and outfit / controversy involving plagiarism / encore live / controversial skills" (English translation). This Short received approximately 316,000 views, 4,700 'likes' and 540 comments as of May 29, 2024. *Id.* ¶ 8(c).

Both YouTubers' Shorts contain numerous false, defamatory and/or harassing statements about the Applicants, all of which inflict significant reputational harm to Applicants and constitute crimes under Korean law. *Id.* ¶¶ 9, 11, 13; Kim Decl. ¶¶ 5-7. Moreover, both YouTubers' published their Shorts in Korean and used Korean language words and expressions that appear to indicate they are native Korean speakers located in Korea, as opposed to non-Korean citizens residing outside of Korea. Id. ¶ 10; Kim Decl. ¶ 4.

On May 31, 2024, the Applicants filed a criminal complaint with the Seoul Yongsan Police Station claiming defamation and the crime of insult against the YouTubers under Korean law ("**Criminal Matter**"). Koo Decl. ¶ 11; Kim Decl. ¶ 5.

**B.  Limited Discovery Sought From Google**

Google is an American multinational company with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Kim Decl. ¶ 11, Ex. 1. Google owns and operates YouTube, which is one of the world's largest social media platforms

---

[11] https://www.youtube.com/watch?v=JzAlr69p6bo; see Koo Decl. ¶ 8(b) for the Korean original text at issue.
[12] https://www.youtube.com/watch?v=GhXhQdnwoWY; see Koo Decl. ¶ 8(c) for the Korean original text at issue.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

where users can share videos and post comments on message boards.[13] To upload content onto YouTube, users need to log into their Google account after they initially create a YouTube channel or handle.[14]

Without the real identities of the YouTubers, the Applicants will be unable to fully prosecute the Criminal Matter. Koo Decl. ¶ 12; Kim Decl. ¶¶ 8, 17. The subpoena is narrowly tailored to seek documents from Google that will reveal the YouTubers' identities through his or her PII in the subject Google accounts. Kim Decl. ¶¶ 8, 9, 17.

### III.    JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this Application is made under a federal statute 28 U.S.C. § 1782(a). Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1782(a) because the party from whom discovery is sought "resides or is found" in this District, as discussed herein.

### IV.    LEGAL STANDARD

This Court is authorized to grant a Section 1782 application "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); *see also* 28 U.S.C. § 1782(a).

In *Intel Corp. v. Advanced Micro Devices, Inc.*, the Supreme Court identified four factors that district courts should consider when exercising their discretion to grant Section 1782 discovery applications:

> [1] whether "the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the

---

[13] *See* Fed. R. Evid. 201(b) (the information provided about Google and the YouTube platform are generally known within the court's jurisdiction, or can be accurately and readily verified from the sources noted below whose accuracy cannot be reasonably questioned); WebWise.ie, *Explained: What is YouTube?*, https://www.webwise.ie/parents/what-is-youtube/ (last visited May 31, 2024); YouTube, Terms of Service (dated January 5, 2022), https://www.youtube.com/static?template=terms (last visited May 31, 2024).
[14] Google LLC, YouTube Help, Create a YouTube channel, https://support.google.com/youtube/answer/1646861?hl=en (last visited May 31, 2024).

7

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

In exercising this discretion, district courts consider the twin aims of the statute: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our [U.S.] courts." *Intel*, 542 U.S. at 252. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist [in the U.S.]." *Id*. at 263.

## V.    ARGUMENT

### A.  This Application Meets All of the Statutory Requirements of Section 1782

As set forth herein, this Application meets the requirements of Section 1782.

First, Google "resides" or "is found" in this district within the meaning of Section 1782, because its principal place of business is Mountain View, California, which is located in this judicial district. Kim Decl. ¶ 11, Ex. 1; *see also United States v. Google LLC*, —— F. Supp. 3d ——, 2023 WL 5725518, at *9 (N.D. Cal. 2023) (citations omitted).

Second, the Applicants seek discovery to aid in the prosecution of the Criminal Matter in Korea. Kim Decl. ¶¶ 8, 9, 17. A proceeding in the foreign jurisdiction need only be "within reasonable contemplation," rather than be "pending" or "imminent," to satisfy this second statutory requirement. *Intel*, 542 U.S. at 259. Here, the Applicants have brought a complaint with the law enforcement authorities in Korea and is seeking the YouTubers' identities to fully prosecute the matter. Kim Decl. ¶¶ 5, 8, 17; *see also In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.,* No. 23-mc-80016-BLF, 2023 WL 2394545, at *3 (N.D. Cal. Mar. 7, 2023) (finding the second statutory factor met where discovery was sought for use in "a civil proceeding in a foreign tribunal—the Seoul Central District Court").

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Third, the Applicants brought the Criminal Matter because it relates to crimes committed against them by the anonymous YouTubers. Kim Decl. ¶¶ 3-5. Thus, the Applicants satisfy the third statutory requirement of being an "interested person." *Intel*, 542 U.S. at 256-57 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke [Section] 1782"); *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (an "interested person" includes "litigants before foreign or international tribunals … as well as any other person whether he [or she] be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.").

**B. Each of the *Intel* Discretionary Factors Weigh in Favor of Granting this Application**

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of this Court granting this Application.

**1. Google is a nonparticipant in the Korean Criminal Matter**

The first factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Supreme Court recognized that the district courts' assistance is needed the most when the evidence is sought from a non-participant in a foreign proceeding. *Id*. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Google is not named in the Korean Criminal Matter. Kim Decl. ¶ 11. Since Google and the requested documents are located in this District, which is outside the Korean courts' jurisdictional reach over nonparticipants, evidence available from Google through a United States federal court proceeding is unobtainable by the Applicants in Korea absent Section 1782(a). *Id*. ¶ 12; Ex. 1; *see Intel*, 542 U.S. at 264. Accordingly, this first factor weighs heavily in favor of granting this Application.

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

### 2. Korean Tribunals are receptive to U.S. judicial assistance

Next, the Supreme Court requires this Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. March 24, 2016). There is a long history of Korean tribunals requesting and receiving U.S. judicial assistance under Section 1782. *See In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114 (N.D. Cal. 1977) (granted Seoul District Criminal Court's request for bank records); *In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *1-2 (N.D. Cal. Mar. 11, 2015) (granted Korean National Court Administration's request for information and documents from Google, Inc.); *Seoul Cent. Dist. Ct.*, 2023 WL 2394545, at *1 (granted Seoul Central District Court's request seeking information to identify four anonymous Instagram users who defamed or insulted a plaintiff in a Korean civil proceeding).

Additionally, in "the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782," courts tend to "err on the side of permitting discovery." *See In re Ex Parte Application of Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4; *see also Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907, 915 (N.D. Cal. 2019) (citation omitted). In other words, discovery is favored unless there is clear evidence that the foreign tribunal would reject the evidence sought.

Here, the Korean courts are receptive to the U.S. federal court's assistance in discovery matters, including through Section 1782 requests for information to identify persons who anonymously publish statements on social media platforms. Kim Decl. ¶ 12. By contrast, there are no Korean laws or policies that limit or otherwise prevent the U.S. federal courts from assisting the Applicants obtain discovery in order to identify the YouTubers in the manner

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

proposed in this Application. Kim Decl. ¶¶ 13-14. As stated above, Korean courts have a history of seeking judicial assistance from federal courts and courts in this district have in the past granted Section 1782 discovery for use in Korean court proceedings. For the foregoing reasons, this second factor weighs heavily in favor of granting this Application.

### 3. The Applicants are not seeking to circumvent any restrictions or policies on proof gathering

The third factor directs the court to consider "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. As a court in this district recently stated, "[t]his factor will weigh in favor of discovery if there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions.'" *In re Starship Entm't Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May. 24, 2023) (quoting *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)); *see also In re Kim,* No. 5:24-mc-80072-PCP, 2024 WL 1898453, at *1 (N.D. Cal. April 30, 2024) (granting interested parties' Section 1782 request in aid of a Korean criminal matter asserting defamation and criminal insult against an anonymous YouTuber).

Here, the Applicants are not attempting to circumvent any "foreign proof-gathering restrictions" or "other policies" of Korea or the United States. Kim Decl. ¶ 15. In fact, the opposite is true. The Applicants' Korean counsel anticipates that evidence will be admissible in the Korean proceeding. *Id*. Absent any evidence to contradict this Application,[15] this third factor also weighs in favor of granting this Application.

As further addressed directly below, Applicants are no aware of any evidence that contradicts this Application.

---

[15] *See* Section V.B.2 above regarding past cases where district courts granted Korean tribunals' request for discovery.

11

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

### A. The US-Korean MLAT is Not a Prerequisite to the Applicants' Obtaining Section 1782 Discovery

Moreover, Section 1782 does not require the Applicants to pursue discovery through international treaties as a prerequisite. For instance, in the past others have raised the objection that Korean applicants should first pursue discovery through the US-Korea Mutual Legal Assistance ("**MLAT**") that was signed in 1993 and went into force in 1997.[16] The Applicants strongly disagree with any argument that they should first pursue discovery through an international treaty like MLAT. See Kim Decl. ¶ 16.

First, Section 1782's plain language does not set forth such a prerequisite for "interested persons."

Second, MLAT only applies to the U.S. and Korean governments, and even Korean government officials do not have to go through MLAT before seeking Section 1782 discovery. *See* Articles 1 and 18 of MLAT. Article 1 of MLAT states that "[t]he provisions of this Treaty ***shall not give rise to a right*** on the part of ***any private person*** to ***obtain***, suppress, or exclude any evidence." *See* Article 1 of MLAT (emphasis added). Article 2 provides that only the "Minister of Justice or such persons designated by him [or her]" may raise MLAT requests. *See* Article 2 of MLAT. In other words, only Korean government officials may seek discovery through MLAT. Because the Applicants are private persons who have no right to pursue discovery under MLAT, it would be a misreading of MLAT to try to impose a prerequisite on the Applicants that they would never be able to satisfy.

Next, even the Korean criminal authorities do not have to pursue discovery through MLAT as a prerequisite to seeking Section 1782 discovery. In 2022, the Second Circuit, addressing a similar issue involving the US-Nigeria Mutual Legal Assistance Treaty, held that government officials are not required to go through MLAT before seeking discovery through Section 1782. *See Federal Republic of Nigeria v. VR Advisory Services, Ltd.*, 27 F. 4th 136, 152-157 (2nd Cir. 2022). Similar to the US-Nigeria treaty, Article 18 of the US-Korea MLAT

---

[16] Available at the U.S. Department of State website at https://www.state.gov/97-523/ (last viewed May 31, 2024).

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

provides that: "Assistance and procedures set forth in this Treaty **shall not prevent** either Contracting Party from **granting assistance** to the other Contracting Party . . . **through the provisions of its national laws**." See Article 18 of MLAT (emphasis added). Here, Section 1782 is clearly a national law of the US, such that MLAT "shall not prevent" the U.S. courts from granting assistance to private interested persons under Section 1782 in cases where the Korean criminal authorities do not pursue discovery through MLAT.

Third, under Korean law, the Applicants cannot force or otherwise compel the Korean criminal authorities to seek discovery through MLAT or any other international treaty. Kim Decl. ¶ 16.

## B.  The First Amendment Does Not Apply

In *United States v. Google LLC*, a court in this district analyzed the issue of the First Amendment in the context of a Section 1782 request.

First, the court recognized that "Foreign citizens who are outside United States territory . . . do not possess any rights under the United States Constitution." *United States v. Google LLC*, 2023 WL 5725518, at *12 (citations omitted). Second, "[t]he court f[oun]d persuasive several recent opinions concluding that . . . U.S. free-speech principles should not be determinative factors" in evaluating the third discretionary factor "where the evidence does not indicate that the anonymous speakers are entitled to First Amendment protections." *Id.* at *12-13 (citing *Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80035-DMR, 2023 WL 3874022, at *7-8 (N.D. Cal. June 6, 2023) (holding third discretionary factor did not weigh against granting § 1782 application seeking the identity of anonymous speaker, where there was no evidence indicating that the speaker was entitled to First Amendment protections); *Takagi v. Twitter, Inc*., No. 22-mc-80240-VKD, 2023 WL 1442893, at *7 (N.D. Cal. Feb. 1, 2023) (rejecting assertion that subpoena seeking identity of anonymous speaker circumvented the U.S.'s "pro-free speech policy," because "First Amendment protections do not apply to non-citizens outside the territory of the United States"); *Zuru, Inc. v. Glassdoor, Inc*., 614 F.Supp.3d 697, 707 (N.D. Cal. 2022) ("Although the United

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

States may have a pro-free-speech policy, . . . it doesn't reflect a U.S. policy of protecting free speech around the world.")).

As set forth in the declarations supporting this Application, the words and phrases used in the original Korean language Shorts indicate that the YouTubers are more likely than not native Korean speakers and reside in Korea. Koo Decl. ¶ 10; Kim Decl. ¶ 4, fn. 1. Moreover, there is nothing to indicate that the statements were made by a U.S. citizen. Koo Decl. ¶ 10; Kim Decl. ¶ 4, fn. 1.

Third, the court noted that the applicant alleged that the anonymous individual knowingly made false statements about the applicant, which if taken as true "likely would not be protected by the First Amendment even in the United States." *United States v. Google LLC*, 2023 WL 5725518, at *13 (citing *Tagami*, 2021 WL 5322711, at *3 n.1; *see Milkovich v. Lorain J. Co*., 497 U.S. 1, 22 (1990) (discussing the necessary balance between ensuring "First Amendment protection for defendants in defamation actions" and recognizing society's "pervasive and strong interest in preventing and redressing attacks upon reputation")). Here, the Applicants allege defamation, harassment and false statements. Koo Decl. ¶¶ 9, 11, 13; Kim Decl. ¶¶ 5-7.

### 4. This Application is not unduly intrusive or burdensome

The last factor is whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The Supreme Court noted that requests that are too burdensome *in part* may be "trimmed" so that the requests can be partially authorized. *Id.*

While requests that seek confidential information or are broad "fishing expedition" for irrelevant information may be unduly intrusive or burdensome, *In re Ex Parte Application of Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016), the Applicants' requests are narrow in scope and number. The Applicants' proposed subpoena consists of requests for documents about each of the YouTubers' real identity, like his or her name, gender, date of birth, address, and other information that will lead to the discovery of PII, which Google maintains in the regular course of business. *See* Ex. A; Kim Decl. ¶¶ 8-10, 17; *see also United States v. Google LLC*, 2023 WL 5725518, at *15; *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB, 2019 WL

14

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

3345348, at *5 (N.D. Cal. July 25, 2019) (name, address, email, phone number, and name on credit cards, etc.); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (granting discovery from Google under Section 1782); *Seoul Cent. Dist. Ct.,* 2023 WL 2394545, at *4 (allowing discovery of information from Meta regarding the names, dates of birth, email addresses, cell phone numbers, and IP addresses associated with specific user accounts where the request was "narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendants").

As noted in Section II.A above, the YouTubers are not using his or her real name for the YouTube channels or handles. Since there is a high probability that the YouTubers are not providing their real names and addresses to Google, the access logs may be the only way to clearly identify the YouTubers. *See* Kim Decl. ¶ 9. Without such information, it is possible the name(s) and address(es) Google has on file in connection with the YouTubers are fictitious or otherwise not helpful for the Applicants in the Korean Criminal Matter. If that were to occur, the access logs would likely become the only information available to assist the Applicants. *See, e.g.*, *In re Med. Corp. H&S*, No. 19-mc-80186-VKD, 2019 WL 3945003, at *4 (N.D. Cal. Aug. 21, 2019) (granting "no more than six months of access log information" from Google); *In re Med. Corp. H&S*, No. 19-mc-80107-SVK, 2019 WL 2299953, at *3 (N.D. Cal. May. 30, 2019) (authorizing service of a subpoena on Google); *In re Bleach, Inc.*, No. 5:24-mc-80021-PCP, 2024 WL 1898450, at *2 (N.D. Cal., April 30, 2024) (authorizing service of a subpoena on X Corp. for an anonymous X user's "basic identifying information ... and access log data associated with the X account from September 2023 onwards."). Finally, as noted in Attachment A of the proposed subpoena, the Applicants' counsel is willing to meet and confer regarding the access log request so that only the information necessary to identify the YouTubers are provided.

Finally, as set forth in the supporting declarations, the Applicants are not seeking any of the YouTubers' communications. Kim Decl. ¶ 8; Koo Decl. fn. 11; 18 U.S.C. § 2701 *et seq*.; *see, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd*., No. C 12-80242 EJD (PSG), 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions under the Stored Communications

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Act).

Accordingly, this last factor weighs in favor of the Applicants because its requests for documents are narrow, are not intrusive or burdensome, and Google has a right to object, seek a protective order, or otherwise seek to narrow the requests.

## VI.    CONCLUSION

For the reasons stated above, the Applicants respectfully request this Court exercise its discretion under Section 1782 to grant this Application and permit the Applicants to issue the proposed subpoena to Google.

Dated: May 31, 2024                 STREAM KIM HICKS WRAGE & ALFARO, PC.


/s/
Eugene Kim

*Attorneys for Applicants*
*Sakura Miyawaki, et al.*

16

*EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record, certifies that this brief contains 5,114 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 31, 2024                    STREAM KIM HICKS WRAGE & ALFARO, PC.


_/s/_ _____
Eugene Kim

*Attorneys for Applicants*
*Sakura Miyawaki, et al.*

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

CERTIFICATE OF COMPLIANCE

**Exhibit A**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
Northern District of California

| | |
|---|---|
| In re Ex Parte Application of Sakura Miyawaki, et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                           Google LLC
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: By email to: eugene.kim@streamkim.com; or at: Stream Kim Hicks Wrage & Alfaro, PC, c/o Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

        *CLERK OF COURT*
                                        OR
_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Sakura Miyawaki, Chae-won Kim, Jennifer Yunjin Huh, Kazuha Nakamu  , who issues or requests this subpoena, are:
Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501; eugene.kim@streamkim.com; (951) 783-9470

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Exhibit A**

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## ATTACHMENT A

## I.        Definitions

A.        The term "Document" or "Documents" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

B.        The term "Google Account No. 1" means the Google account(s) and/or YouTube account(s) registered or otherwise linked to the person(s) who created, uses and/or otherwise logs in to the YouTube channel titled "Issue Feed" (Korean original: "이슈피드") which is accessible from the URL https://www.youtube.com/@issuefeed.

C.        The term "Google Account No. 2" means the Google account(s) and/or YouTube account(s) registered or otherwise linked to the person(s) who created, uses and/or otherwise logs in to the YouTube channel titled "Short Chajang" (Korean original: "숏차장") which is accessible from the URL https://www.youtube.com/@shortchajang.

D.        The term "Access Logs" means the dates, times, Internet Protocol addresses, port numbers and any other related information that is kept by Google LLC when users login or upload videos to his/her/its Google account(s).

## II.        Requests for Production

1.        Any and all Documents that identify the person(s) who created Google Account No. 1 and Google Account No. 2, including each and every registered, recovery and/or otherwise associated:
   a.   Name(s),
   b.   Gender,
   c.   Date of Birth,

# Exhibit A

    d.  Address(es),

    e.  Email address(es), and/or

    f.  Telephone numbers.

2.     Any and all Documents that identify the person(s) with credit cards and/or other payment methods registered with Google Account No. 1 and Google Account No. 2, including:

    a.  Name(s),

    b.  Gender,

    c.  Date of Birth,

    d.  Address(es),

    e.  Email address(es), and/or

    f.  Telephone numbers.

Please note this request does not seek the actual credit card numbers, bank account numbers or passwords to such payment methods.

3.     Any and all Documents that identify the login history, including but not limited to the Access Logs associated with Google Account No. 1 and Google Account No. 2 from March 1, 2024 up to and including the date of your production of documents or tangible things.

Please note that the Applicants' Counsel is willing to meet and confer with Google LLC to discuss ways to narrow this request.