UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAKURA MIYAWAKI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No.  5:24-mc-80132-EJD<br><br>**ORDER DENYING DISCOVERY FOR USE IN A FOREIGN TRIBUNAL**<br><br>Re: Dkt. No. 1 |

Before the Court is Sakura Miyawaki, Chae-won Kim, Jennifer Yunjin Huh, Kazuha Nakamura, and Eun-chae Hong's ("Applicants") *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing discovery for use in a foreign proceeding ("Application"). *Ex Parte* Appl. for Order Granting Leave to Take Disc. for Use in a Foreign Proceeding ("Appl."), ECF No. 1. Specifically, Applicants seek discovery from Google LLC for use in a potential foreign criminal investigation in the Republic of Korea. *Id.* For the reasons stated below, the Application is **DENIED**.

I.     **BACKGROUND**

Applicants are members of a female K-pop group who allege that anonymous individuals ("Anonymous Individuals") have posted defamatory and harassing videos on YouTube. Appl. 1–6. To address these videos, Applicants have brought a criminal complaint with the law enforcement authorities in the Republic of Korea. *Id.* However, Applicants claim that the criminal case cannot be fully prosecuted because the law enforcement authorities do not have the Anonymous Individuals' personally identifiable information ("PII"). *Id.* at 7.

Case No.:  5:24-mc-80132-EJD
ORDER DENYING DISCOVERY FOR USE IN A FOREIGN TRIBUNAL
1

Google's principal place of business is in Mountain View, California. *Id.* at 6–7. YouTube is owned and operated by Google. *Id.* at 6. Internet users can log into their YouTube channel using their Google account. *Id.* at 6–7. Applicants seek to discover from Google the Anonymous Individuals' PII so Applicants can inform law enforcement officers of the Anonymous Individuals' identities. *Id.* at 4.

## II.     LEGAL STANDARD

Title 28 United States Code Section 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the mandatory statutory requirements, the district court retains discretion in determining whether to grant an application under Section 1782(a) and may impose conditions it deems desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corp.*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a Section 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the Section 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

## III. DISCUSSION

### A. Statutory Factors

The Court finds that Applicants have satisfied the three statutory criteria of Section 1782(a).

First, the Application satisfies the residence requirement because Google is headquartered in this district. Appl. 8. Second, the discovery is sought for use in a foreign criminal investigation in the Republic of Korea, which Section 1972 expressly includes in its definition of "for use in a proceeding." *Id.*; 28 U.S.C. § 1782(a) (allowing discovery "for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation"). Third, Applicants are "interested person[s]" in the foreign proceedings, as Applicants are the complaining criminal witnesses with an interest in obtaining assistance from law enforcement officers. *See Intel Corp.*, 542 U.S. at 256 (finding that a complainant who triggered a European Commission investigation "'possess[es] a reasonable interest in obtaining [judicial] assistance,' and therefore qualifies as an 'interested person' within any fair construction of that term"); Appl. 9. Based on the foregoing, the Court finds that the Application satisfies the statutory factors to warrant an order pursuant to Section 1782.

### B. Discretionary *Intel* Factors

However, the Court nevertheless exercises its discretion as authorized by *Intel* to deny the Application.

#### 1. Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity.") (quotation marks

1 and citation omitted).

2 Google is not a participant in the foreign proceeding and would therefore typically fall
3 outside the reach of a foreign tribunal under this factor. However, the fact that this is a criminal
4 proceeding changes the analysis. The criminal authorities in the Republic of Korea do possess the
5 ability to seek information from Google for criminal investigations through the Treaty of Mutual
6 Legal Assistance in Criminal Matters ("MLAT"). Mut. Legal Assistance Treaties of the U.S.,
7 U.S. DEPT. OF JUSTICE (April 2022), *available at* https://www.justice.gov/d9/pages/attachments/
8 2022/05/04/mutual-legal-assistance-treaties-of-the-united-states.pdf (last accessed March 14,
9 2024).[1] If the criminal authorities in the Republic of Korea wished to proceed with this particular
10 criminal investigation, they have the tools necessary to seek the information that Applicants
11 request. *See, e.g., Matter of Application of O2CNI Co., Ltd.*, No. C 13-80125 CRB (LB), 2013
12 WL 4442288, at *6 (N.D. Cal. Aug. 15, 2013) (denying request from reporting criminal victim
13 petitioner for discovery to use in the criminal matter, finding that the petitioner was acting as
14 "investigator" for the authorities against the entities it wanted the authorities to charge, and "if
15 Korean authorities want more information from the respondents, they can use the MLAT
16 process"); *Lazaridis v. Int'l Ctr. for Missing & Exploited Child., Inc.*, 760 F. Supp. 2d 109, 115
17 (D.D.C. 2011), *aff'd sub nom. In re Application for an Ord. Pursuant to 28 U.S.C. /1782*, 473 F.
18 App'x 2 (D.C. Cir. 2012) (denying request for discovery "for use in the investigation of criminal
19 activity," finding that such investigations were left to the discretion of the foreign authorities and
20 provide no private right of action). Considering these facts, the Court finds that Google is not
21 necessarily outside the reach of the criminal authorities in the Republic of Korea, and the Court
22 finds that the evidence in the foreign criminal investigation should develop through the criminal
23 authorities investigating it.

24 Therefore, the Court finds that this factor weighs against granting relief.

---

[1] The Court *sua sponte* takes judicial notice of this document as a government publication whose accuracy cannot reasonably be questioned. Fed. R. Civ. P. 201.

Case No.: 5:24-mc-80132-EJD
ORDER DENYING DISCOVERY FOR USE IN A FOREIGN TRIBUNAL
4

### 2.     Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Regarding the second factor, "[c]ourts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at *4 (internal quotation marks omitted).

Here, Applicants argue that courts in the Republic of Korea are receptive to United States federal court judicial assistance; however, Applicants only cite to civil cases. Appl. 10 (citing *In re Request for Jud. Assistance From Seoul Cent. Dist. Ct. in Seoul, Republic of S. Korea*, No. 23-MC-80016-BLF, 2023 WL 2394545 (N.D. Cal. Mar. 7, 2023); *In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL 1064790, at *1-2 (N.D. Cal. Mar. 11, 2015); *In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114 (N.D. Cal. 1977)). The Court's understanding is that the criminal justice system in the Republic of Korea, similar to the criminal justice system in the United States, carries out criminal investigations through law enforcement officers under the direction of the prosecutor, and based on this information, the prosecutor can exercise discretion in deciding whether to indict. World Factbook of Crim. Justice Systems, South Korea, U.S. BUREAU OF JUSTICE STATISTICS, *available at* https://bjs.ojp.gov/content/pub/pdf/wfbcjssk.pdf (last accessed June 3, 2024). [2] While the Court is unaware of affirmative evidence that the authorities in the Republic of Korea would reject evidence obtained by Applicants via Section 1782, the fact that the prosecutor has the discretion to carry out investigations but has not, to the Court's knowledge, sought this information from the Court directly leads the Court to question the receptivity of this evidence. *See Lazaridis*, 760 F. Supp. 2d at 115 (finding that the nature of the criminal investigative proceeding weighs against granting the application).

---

[2] The Court *sua sponte* takes judicial notice of this document as a government publication whose accuracy cannot reasonably be questioned. Fed. R. Civ. P. 201 .

Case No.: 5:24-mc-80132-EJD
ORDER DENYING DISCOVERY FOR USE IN A FOREIGN TRIBUNAL
5

United States District Court
Northern District of California

1    Therefore, while there is no affirmative evidence showing that the foreign authorities

2 would not be receptive to the evidence, given that the prosecution has the discretion to use its own

3 tools to seek the discovery sought here, the Court finds that this factor is neutral.

### 3. Circumvention of Proof-Gathering Restrictions

Next, the Court considers whether an applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (quotations and citations omitted).

Here, Applicants' counsel has represented that they are not aware of any restrictions or policies that would prohibit the proof-gathering sought here. Appl. 11. The Court does not doubt Applicants' counsel's representations; however, the Court finds that "it is an extra and perhaps unusual effort to use tools also available to those authorities through the MLAT process troubling." *Matter of Application of O2CNI Co., Ltd.*, 2013 WL 4442288, at *8. As Judge Beeler in the U.S. District Court for the Northern District of California aptly postured, "who knows what safeguards—such as act of production immunity—might apply in a criminal investigation when an agency uses its ordinary investigative tools to acquire information. The MLAT process provides safeguards appropriate to a criminal case when the evidence is sought from the suspects themselves." *Id.* The Court is reticent to allow discovery through the Application here considering the safeguards available through other channels.

Therefore, while there is nothing on the record to suggest that Applicants are attempting to circumvent foreign proof-gathering restrictions, given that the MLAT process would better provide safeguards appropriate to a criminal case in the Republic of Korea, the Court finds that this factor is also neutral.

Case No.: 5:24-mc-80132-EJD
ORDER DENYING DISCOVERY FOR USE IN A FOREIGN TRIBUNAL
6

#### 4. Unduly Intrusive or Burdensome

Finally, the Court must consider whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

Here, Applicants' proposed subpoena seeks "any and all" documents that identify the users of the two accounts and the persons with credit cards or other payments registered to the accounts, including names, genders, dates of birth, physical addresses, email addresses, and telephone numbers. Appl., Ex. A, ECF No. 1 at 21–22. Applicants also seek "any and all" documents that identify the login history associated with the two accounts, including "but not limited to" the accounts' access logs from March 1, 2024, up to and including the date of production. *Id.*

The Court finds Applicants' request overly broad. As an initial matter, the request is not narrowly tailored to only seek documents "sufficient to show" the identifying information associated with the Google accounts in question, instead seeking "any and all" documents related to the accounts. *See, e.g., In re Plan. & Dev. of Educ., Inc.*, 2022 WL 228307, at *5 (N.D. Cal. Jan. 26, 2022) (modifying § 1782 subpoena from seeking "all" identifiers to only seek information "sufficient to identify" the users). The Court also finds the access logs request unnecessarily intrusive at this time. Applicants argue that they require the access logs because "there is a high probability that the YouTubers are not providing their real names and addresses to Google," and "[i]f that were to occur, the access logs would likely become the only information available to assist the Applicants." Appl. 15. However, Applicants' argument assumes facts that the Court cannot accept at this time—there are no facts to suggest that the accounts are registered under fake names and address. Rather, unnecessarily producing detailed documents revealing the Anonymous Individuals' access logs for over four months would likely produce personal information entirely unrelated to the criminal complaint. Given that Applicants have provided no concrete reason as to why this information is necessary for its action at this time, Applicants have not shown how this request is narrowly tailored to the subject matter of their action.

Case No.: 5:24-mc-80132-EJD
ORDER DENYING DISCOVERY FOR USE IN A FOREIGN TRIBUNAL
7

While these deficiencies could be resolved by the Court's modification to the subpoena, in light of the Court's analysis of the factors discussed above, the Court finds that the fourth *Intel* factor weighs against granting Applicants' request.

\* \* \*

Given that the Court finds two *Intel* factors weigh against granting relief and the remaining factors are neutral, the Court will exercise its discretion and **DENY** the Application.

### IV.  CONCLUSION

Based on the foregoing, the Application is **DENIED**.  The Clerk of the Court is instructed to close this file.

**IT IS SO ORDERED.**

Dated: June 5, 2024

EDWARD J. DAVILA
United States District Judge